UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| BRIAN KEITH ROU, SR., | § | |
|     Plaintiff, | § | |
| | § | |
| V. | § | A-25-CV-00917-ADA |
| | § | |
| AUSTIN TRANSITIONAL CENTER and | § | |
| BRANDY BAPTISTE, | § | |
|     Defendants. | § | |

## ORDER

Before the Court are Plaintiff Brian Keith Rou Sr.'s complaint filed pursuant to 42 U.S.C. § 1983, his response to the Court's Order for a More Definite Statement (ECF Nos. 1, 6); Defendants' Motions to Dismiss (ECF Nos. 9, 21); and Plaintiff's responses thereto (ECF Nos. 16, 22). Plaintiff is proceeding pro se and in forma pauperis. Upon review, the Court grants Defendants' motions to dismiss.

## I. FACTUAL BACKGROUND

Plaintiff is currently incarcerated at the Bastrop County Jail. In his original complaint, Plaintiff names as defendants Austin Transitional Center (ATC) and Brandy Baptiste.[1] He alleges he was released to ATC less than a year ago, but that ATC keeps denying him necessary medical attention. He states ATC is "continuously incarcerating me" because they allege his urine tests are "dirty for drugs" but he states this is actually his life-saving medication. He alleges he leaves ATC to seek medical attention so that he will not die, but then ATC issues a warrant for his arrest. He seeks $2 million in damages for medical negligence and cruel and unusual punishment. He also requests a caseworker to help him prevent ATC from continuously arresting him. (ECF No. 1.)

---

[1] Plaintiff misidentified Defendant Baptiste as "Braney Baptest" in his original complaint.

Upon review of his original complaint, the Court ordered Plaintiff to file a more definite statement. In response, Plaintiff states that, when he arrived at ATC, Defendant Baptiste denied him his prescription medications as well as a doctor-prescribed soft foods diet. He states this causes blisters in his internal digestive system which can then rupture and cause internal bleeding. Plaintiff lists five medications Baptiste allegedly denied him: Atorvastatin, 20mg; Carvedilol, 3.125mg; Omeprazole, 20mg; Noratriptamine, 75g; and Oxicodone, 40mg. He states these medications "help bandaid, heal, and relieve intensive chronic pain until appointed surgery is completed." Plaintiff further alleges that, when he leaves the ATC, he goes to the nearest emergency hospital to seek intensive care for the internal blisters and "vesicants" that cause him to throw up blood.

Plaintiff clarifies he is currently incarcerated for a parole violation and also in pretrial detention for a May 16, 2025, charge for possession of a controlled substance, penalty group 1/1-B, more than 1 gram but less than 4 grams. Plaintiff alleges the substance tested field positive for methamphetamine which, Plaintiff states, "I don't use and cannot use because that would be suicide." (ECF No. 6 at 4.) He alleges the police picked up a bag from the street that was not in his possession. Plaintiff finally states he is also pending a parole violation for a May 16, 2025, warrant for leaving the ATC without permission.

Defendants move to dismiss Plaintiff's complaint. First, Defendant ATC argues it is a non-jural entity not subject to suit. ATC further argues that, even if it were capable of being sued, Plaintiff's allegations fail to state a claim against ATC. (ECF No. 9.) Defendant Baptiste argues Plaintiff's state-law medical negligence claim fails to state a claim for relief. Baptiste further argues that Plaintiff's Eighth Amendment claim also fails as a matter of law. (ECF No. 21.)

Plaintiff filed responses in opposition to both motions to dismiss; however, both are a one-page document entitled either "Motion to Challenge Dismissal" (ECF No. 16) or "Motion of

Non-Dismissal" (ECF No. 22). Neither response addresses Defendants' arguments. In Plaintiff's "Motion of Non-Dismissal" he states that, since he does not have the means to get legal help, he would like to delay the case until he can retain legal counsel. Defendants oppose Plaintiff's request to delay the case while he seeks legal counsel. (ECF No. 23.)

## II. DISCUSSION & ANALYSIS

<u>1. Legal Standard</u>

Defendants argue Plaintiff's complaint fails to state a claim upon which relief may be granted pursuant Federal Rule of Civil Procedure 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead sufficient facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 566 U.S. at 678. A court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *See Raj v. La. State Univ.*, 714 F.3d 322, 329-30 (5th Cir. 2013). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 679. Further, a plaintiff's factual allegations must establish more than just the "sheer possibility" a defendant has acted unlawfully. *Id*. Determining a complaint's plausibility is a "context-specific task," but if the factual allegations "do not permit the court to infer more than the mere possibility of misconduct" the complaint fails to show "that the pleader is entitled to relief." *Id*.

<u>2. Section 1983</u>

Section 1983 provides a cause of action to individuals whose federal rights have been violated by those acting under color of state law. *Doe v. Dall. Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). Section 1983 is not itself a source of substantive rights; rather, it merely provides a

method for vindicating federal rights conferred elsewhere. *See Albright v. Oliver*, 510 U.S. 266, 271 (1994). In order to state a claim under section 1983, a plaintiff must (1) allege a violation of rights guaranteed by the United States Constitution or federal law, and (2) demonstrate the alleged deprivation was committed by a person acting under color of state law. *Doe*, 153 F.3d at 215.

3. Non-Jural Entity

The ATC is not a legal entity capable of being sued. *See Guidry v. Jefferson Cnty. Det. Ctr.*, 868 F. Supp. 189, 191 (E.D. Tex. 1994) (holding that the Jefferson County Detention Center is not a legal entity subject to suit); *see, e.g., Darby v. Pasadena Police Dep't*, 939 F.2d 311 (5th Cir. 1991) (holding that police and sheriff's departments are governmental subdivisions without capacity for independent legal action). Accordingly, Plaintiff's claims against ATC are dismissed.

3. Eighth Amendment

Plaintiff alleges Defendant Baptiste inflicted cruel and unusual punishment on him by denying him necessary medication and a soft-food diet. Plaintiff states the lack of these medical treatments can cause him intestinal blistering which can lead to internal bleeding. He states that he leaves ATC in order to seek life-saving treatment at the nearest hospital.

The Eighth Amendment ensures the safety of convicted prisoners. *See Hare v. City of Corinth*, 74 F.3d 633, 639 (5th Cir. 1996) (en banc). Because Plaintiff resided at a halfway house during the events at issue, his claims are analyzed under the Eighth Amendment. *See Miller v. Wayback House*, 253 F. App'x 399, 401 (5th Cir. 2007) (unpublished per curiam) (analyzing Plaintiff's claim against a halfway house and its staff for denying him mental health treatment under the Eighth Amendment).

"A prison official violates the Eighth Amendment's prohibition against cruel and unusual punishment when his conduct demonstrates deliberate indifference to a prisoner's serious medical needs, constituting an 'unnecessary and wanton infliction of pain.'" *Easter v. Powell*, 467 F.3d

4

459, 464 (5th Cir. 2006) (quoting *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)). To state a claim for deliberate indifference to his serious medical needs, a plaintiff must show "that a prison official 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" *Easter*, 467 F.3d at 464 (quoting *Domino v. Tex. Dep't of Crim. Just.*, 239 F.3d 752, 756 (5th Cir. 2001)). "Deliberate indifference is an extremely high standard to meet." *Domino*, 239 F.3d at 756. Claims of inadvertent failure to provide medical care or negligent diagnosis are insufficient to state a claim of inadequate medical care. *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). Similarly, unsuccessful medical treatment or disagreement between an inmate and his doctor concerning the manner of treatment does not give rise to a cause of action. *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995); *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991). "[A] serious medical need is one for which treatment has been recommended or for which the need is so apparent that even laymen would recognize that care is required." *Sims v. Griffin*, 35 F.4th 945, 949 (5th Cir. 2022) (quoting *Gobert v. Caldwell*, 463 F.3d 339, 345 n.12 (5th Cir. 2006)).

Plaintiff's allegations against Defendant Baptiste fail to state a claim for deliberate indifference to his serious medical needs. Plaintiff alleges Defendant Baptiste denied him medication and a soft-foods diet, and that as a result, he could have developed blisters in his intestinal track that might have led to internal bleeding. Plaintiff does not allege, however, that he did develop blisters or internal bleeding from Defendant Baptiste's actions. Rather, Plaintiff alleges that the day he was arrested for leaving the ATC he was also arrested for possession of a controlled substance that field tested positive for methamphetamine. Plaintiff denies the substance was his; nonetheless, he does not allege he was arrested at the hospital as he sought treatment for internal bleeding.

Although Plaintiff alleges Defendant Baptiste denied him necessary medication, he does not state that the lack of this medication caused him to suffer a serious medical need. Rather he alleges he could have suffered a serious medical issue without the medication and soft-foods diet. But this speculation is insufficient to state a claim for deliberate indifference. *See Bell*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level…"). Accordingly, Plaintiff's allegations against Defendant Baptiste fail to state a claim under the Eighth Amendment.

4. Medical Negligence

Plaintiff claims Defendant Baptiste's actions also constitute medical negligence. As noted above, allegations of medical negligence are insufficient to state a claim under the Eighth Amendment. As a result, the Court construes this claim as one based on state-law medical negligence.

In general, a federal court that has original jurisdiction over some claims has the discretion to exercise supplemental jurisdiction over state-law claims. 28 U.S.C. § 1367(a). However, because the Court dismissed the federal claim over which it had original jurisdiction—Plaintiff's Eighth Amendment claim—it must decide whether to retain supplemental jurisdiction over Plaintiff's state-law claim. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) (Supplemental jurisdiction over state law claims is a "doctrine of discretion, not of plaintiff's right."). Federal district courts enjoy "broad discretion in deciding whether to retain supplemental jurisdiction over a state law claim once all federal claims are dismissed." *Noble v. White*, 996 F.2d 797, 799 (5th Cir. 1993).

Pursuant to § 1367(c), a district court may decline to exercise supplemental jurisdiction over a claim if: (1) the state claims raise novel or complex issues of state law; (2) the state claims substantially predominate over the federal claims; (3) the claims over which the district court had

6

original jurisdiction have been dismissed; and (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

The original basis for this Court's jurisdiction was Plaintiff's Eighth Amendment claim, which the Court concluded failed as a matter of law. As a result, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state-law medical negligence claim. *See Heggemeier v. Caldwell Cnty., Tex.*, 826 F.3d 861, 872 (5th Cir. 2016) ("[A] court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial.") (quoting *Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 599 (5th Cir. 2009)).

It is therefore **ORDERED** that Defendants' Motions to Dismiss (ECF Nos. 9, 21) are **GRANTED**. Plaintiff's claims against Austin Transitional Center and his Eighth Amendment claim against Defendant Baptiste are **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted. The Court declines to exercise supplemental jurisdiction over Plaintiff's state-law medical-negligence claim against Defendant Baptiste and that claim is therefore **DISMISSED WITHOUT PREJUDICE**.

SIGNED this 10th day of December, 2025.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE